IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
HORRY COUNTY STATE BANK,        )
                                )
            Plaintiff,          )
                                )
    v.                          )      1:15CV9
                                )
SAMUEL C. THOMAS, JR.,          )
                                )
            Defendant.          )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiff Horry County State Bank ("Plaintiff") initiated this action against Defendant Samuel C. Thomas, Jr. ("Defendant") to recover money pursuant to a promissory note executed by Defendant in favor of Plaintiff. (Complaint ("Compl.") (Doc. 1) at 1.) Defendant subsequently filed his Answer and Counterclaims (Doc. 6). Plaintiff then filed a Motion to Dismiss and Motion to Stay Defendant's Counterclaims. ("Motion" (Doc. 8).) Defendant responded to Plaintiff's Motion (Doc. 13), and Plaintiff filed a reply (Doc. 15).

Plaintiff's Motion asks this court to dismiss Defendant's counterclaims for fraud, negligent misrepresentation, and securities fraud, because they are allegedly barred by the doctrine of collateral estoppel. (Motion (Doc. 8) at 1.) In the alterative, Plaintiff asks this court to stay those claims

because they are subject to arbitration. (Id. at 1-2.) In addition, Plaintiff asks this court to dismiss Defendant's abuse of process claim, because it fails to state a claim upon which relief can be granted. (Id. at 1.)

Plaintiff's Motion is now ripe for adjudication. For the reasons stated below, Plaintiff's Motion will be granted in part, in that this court will dismiss Defendant's abuse of process counterclaim, and denied in part, in that this court does not have a sufficient factual record at this stage in the proceedings to find Defendant's counterclaims are barred or must be stayed. Therefore, this court will not dismiss Defendant's remaining counterclaims for fraud, negligent misrepresentation, or securities fraud at this time.

## I. BACKGROUND

Plaintiff commenced the present action to recover money from Defendant that is allegedly due to Plaintiff pursuant to a promissory note executed by Defendant. (Compl. (Doc. 1) at 1.) A copy of the promissory note is attached to the Complaint as

Exhibit A.¹ ("Note" (Doc. 1-1).) According to the Note, Plaintiff advanced Defendant $250,250 on August 14, 2013. (Id. at 1.) Defendant personally signed the Note. (Compl. (Doc. 1) ¶ 6.) Defendant does not deny these claims. (Answer and Countercl. (Doc. 6) at 1.) Plaintiff further asserts that

> As of October 22, 2014, there is due and owing under the Note the principal amount of Two Hundred Fifty Thousand Two Hundred Fifty and 00/100 ($250,250.00) Dollars, interest of Eight Thousand Eight Hundred Fifty-Six and 06/100 ($8,856.06) Dollars, and late charges of Four Hundred Forty-Two and 81/100 ($442.81) Dollars, for a total of Two Hundred Fifty-Nine Thousand Five Hundred Forty-Eight and 87/100 ($259,548.87) Dollars, with interest continuing to accrue at the rate of Twenty-Two and 59/100 ($22.59) Dollars per diem.

(Compl. (Doc. 1) ¶ 8.) Plaintiff alleges that Defendant has failed to pay the amount due to Plaintiff on the Note and is now in default, so Plaintiff commenced the present action. (Id. ¶ 9.) Defendant denies these allegations. (Answer and Countercl. (Doc. 6) at 1.) Plaintiff asks this court to order Defendant to pay Plaintiff what is due on the Note, interest, and attorneys' fees. (Compl. (Doc. 1) at 3.)

---

¹ "A court may consider documents attached to a complaint under Federal Rule of Civil Procedure 10(c)." Berry v. Gutierrez, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008); aff'd sub nom. Berry v. Locke, 331 Fed. Appx. 237 (4th Cir. 2009). The promissory note is integral to the complaint and neither party disputes its authenticity. This court will consider the promissory note in deciding this motion.

-3-

Defendant's Answer and Counterclaim asserts four counterclaims against Plaintiff: (1) Abuse of Process, (2) Fraud, (3) Negligent Misrepresentation, and (4) Securities Fraud. (Answer and Countercl. (Doc. 6) at 3-12.) Defendant bases his counterclaims on alleged deceitful behavior and misrepresentations on the part of Plaintiff during the negotiation process and in the execution of the promissory note. (Id.) Ultimately, Defendant claims that Plaintiff knew that Defendant was relying on fraudulent information when he signed the promissory note and that he would not be able to be pay it off when payment became due. (Id. at 8.)  Plaintiff counters by contending that the counterclaims based on the alleged misrepresentations are barred by the doctrine of collateral estoppel and that the remaining claim should be dismissed for failure to state a claim upon which relief can be granted. (Motion (Doc. 8) at 1.) Further, Plaintiff asserts that if this court does not dismiss the allegedly barred claims, these claims should be stayed because they are subject to arbitration. (Id. at 1-2.)

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible provided the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570; see Iqbal, 556 U.S. at 662. Under Iqbal, the court performs a two-step analysis. First, it separates factual allegations from allegations not entitled to the assumption of truth (i.e., conclusory allegations or bare

assertions amounting to nothing more than a "formulaic recitation of the elements"). Iqbal, 556 U.S. at 681. Second, it determines whether the factual allegations, which are accepted as true, "plausibly suggest an entitlement to relief." Id. "At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor." Estate of Williams-Moore, 335 F. Supp. 2d at 646.

**III. ANALYSIS**

This court will address the first set of claims that are allegedly precluded or should be stayed and then address the abuse of process claim.

    **A.   Fraud, Negligent Misrepresentation, and Securities Fraud Claims**

Plaintiff asserts that Defendant's counterclaims for fraud, negligent misrepresentation, and securities fraud are precluded by the doctrine of collateral estoppel, because they were asserted by Defendant in a prior action and those claims are subject to previously administered binding arbitration. (Motion, Attach. 2, Pl.'s Mem. in Supp. of Mot. to Dismiss and Mot. to Stay (Doc. 8-1) at 2.) "Collateral estoppel, or issue preclusion, provides that once a court of competent jurisdiction

actually and necessarily determines an issue, that determination remains conclusive in subsequent suits, based on a different cause of action but involving the same parties, or privies, to the previous litigation." <u>Weinberger v. Tucker</u>, 510 F.3d 486, 491 (4th Cir. 2007). Under North Carolina law, "[t]he companion doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) have been developed by the courts for the dual purposes of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation." <u>Strates Shows, Inc. v. Amusements of Am., Inc.</u>, 184 N.C. App. 455, 460, 646 S.E.2d 418, 423 (2007).

For a party to be precluded from stating a claim based on the doctrine of collateral estoppel,

> certain requirements must be met: (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

<u>King v. Grindstaff</u>, 284 N.C. 348, 358, 200 S.E.2d 799, 806, (1973). Based on the present record, this court finds it does not have sufficient facts before it to determine whether or not

Defendant's counterclaims are precluded by the prior arbitration. Further, preclusion is an affirmative defense. See Fed. R. Civ. P. 8(c) (listing estoppel as an affirmative defense). "[A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). "A very close examination of matters actually litigated must be made in order to determine if the underlying issues are in fact identical; if they are not identical, then the doctrine of collateral estoppel does not apply." Williams v. Peabody, 217 N.C. App. 1, 6, 719 S.E.2d 88, 93 (2011) (internal quotations and alterations omitted).

Both parties submitted to this court as part of their pleadings the Arbitration Award that Plaintiff relies on to argue that Defendant's counterclaims are barred.[2] (Motion, Ex. 4, Award of Arbitrators (Doc. 8-5); Def.'s Resp., Ex. B, Award of Arbitrators (Doc. 13-2).) Defendant asserts that:

---

[2] "A court can . . . take into consideration at the 12(b)(6) stage documents attached to a motion to dismiss, as long as they are integral to the complaint and authentic." Berry, 587 F. Supp. 2d at 723. Neither party disputes the authenticity of the arbitration award document, and it is integral to Plaintiff's motion to dismiss Defendant's counterclaims. This court will consider the document.

-8-

> the counterclaims are entirely distinct from any issue
> actually litigated and decided in the arbitration
> proceeding. The claims encompassed in the arbitration
> arise from a different transaction than here and
> result from different wrongful conduct.

(Def.'s Mem. in Opp'n to Pl.'s Mot. to Dismiss and Mot. to Stay Countercls. (Doc. 13) at 4.) Plaintiff counters that

> the issues are identical and [Plaintiff's] conduct
> related to making the Boat Loan[3] was litigated and
> decided as part of the arbitration proceedings.

(Pl.'s Reply (Doc. 15) at 2.) Plaintiff cites to a portion of the Arbitration Transcript[4] (Doc. 15-1) in support of its contention that "circumstances surrounding the Boat Loan were at issue in the arbitration proceeding," and that the "issues presented in Defendant's [present] claims for fraud, securities fraud and negligent misrepresentation are identical to those presented in the arbitration proceeding." (Pl.'s Reply (Doc. 15) at 3-4.) The record shows that the arbitration decision

---

[3] The Note that is subject to the present lawsuit and "Boat Loan" refer to the same loan.

[4] Plaintiff attached eight pages of transcript from the arbitration proceedings to their Reply (Doc. 15). (See Doc. 15-1.) As stated in n.2 supra, in specific circumstances, a court may take documents attached to the pleadings into consideration without converting the motion into one for summary judgement. Berry, 587 F. Supp. 2d at 723. However, as Defendant did not have the opportunity to dispute its authenticity and it is presumably only a portion of a larger document that may need to be considered, this court did not consider the transcript in deciding this motion.

involved a subordinated debt purchased by present Defendant from a corporation associated with present Plaintiff. (Motion, Ex. 4, Award of Arbitrators (Doc. 8-5) at 2.) However, the primary arbitration documents (both the Demand for Arbitration (Doc. 8-4) and Award (Doc. 8-5)), are inconclusive as to what was actually litigated at this stage in the proceedings with only parts of the record filed. The present action is not about subordinated debt, but is about default on a promissory note making it unclear, despite Plaintiff's suggestions otherwise, whether or not the claims are identical in the present action and the prior arbitration. In addition, the claims were brought in the context of different documents – a subordinated debt contract and a promissory note. It appears to this court that the present counterclaims involve some of the same events that were present in the prior arbitration, but at this point, this court does not have a sufficient factual record before it to consider such an affirmative defense.[5]

---

[5] Nor is it clear from the record whether or not the claims were actually fully litigated. "A very close examination of matters actually litigated must be made" to address whether or not collateral estoppel applies. Williams, 217 N.C. App. at 6, 719 S.E.2d at 93. This court does not have enough information before it at this juncture to properly determine the estoppel issue.

-10-

This court notes that Plaintiff may be correct in their collateral estoppel argument and that there is evidence that Defendant may be foreclosed from pursuing his counterclaims later in these proceedings based on the Arbitration Award conclusion that Defendant's prior claims were "barred by the 'Majority Holders' provisions of the [subordinated debt] Purchase Agreement." ((Motion, Ex. 4, Award of Arbitrators (Doc. 8-5) at 10.) However, the present record is insufficient for this court to conclusively determine that issue. Therefore, though Plaintiff's assertions may prove to be correct later in these proceedings, this court finds that dismissal of Defendant's counterclaims based on collateral estoppel inappropriate at the 12(b)(6) stage.

In addition, this court does not find anything in the record to support Plaintiff's assertion that Defendant's counterclaims should be stayed pending arbitration. Neither party claims the present action is subject to arbitration. In addition, there is nothing in the present record to indicate to this court that the present action regarding default on a promissory note is subject to any arbitration. Therefore, Plaintiff's motion to stay counterclaims will also be denied.

-11-

Case 1:15-cv-00009-WO-JEP   Document 19   Filed 08/20/15   Page 11 of 14

**B. <u>Abuse of Process</u>**

In addition to the counterclaims discussed in section A <u>supra</u>, Defendant brought a counterclaim for abuse of process. In support of the abuse of process counterclaim, Defendant alleges that "the present action was filed in the course and as part of an unjustified campaign to harass and intimidate Defendant." (Answer and Countercl. (Doc. 6) at 9.) Plaintiff counters that this claim should be dismissed for failure to state a claim upon which relief can be granted. (Pl.'s Mem. in Supp. of Mot. to Dismiss and Mot. to Stay (Doc. 8-1) at 6-8.)

> [A]buse of process is the misuse of legal process for an ulterior purpose. It consists in the malicious misuse or misapplication of that process <u>after issuance</u> to accomplish some purpose not warranted or commanded by the writ. It is the malicious perversion of a legally issued process whereby a result not lawfully or properly obtainable under it is attended [sic] to be secured.

<u>Chidnese v. Chidnese</u>, 210 N.C. App. 299, 310, 708 S.E.2d 725, 734 (2011) (quoting <u>Fowle v. Fowle</u>, 263 N.C. 724, 728, 140 S.E.2d 398, 401 (1965)). An ulterior motive is not enough to state a claim for abuse of process. (<u>See</u> <u>Stanback v. Stanback</u>, 297 N.C. 181, 201, 254 S.E.2d 611, 624, (1979) (finding abuse of process claim not adequately pled where plaintiff's complaint sufficiently alleged that defendant's suit against her was brought with ulterior motives but failed to allege that

-12-

defendant committed any willful act not proper in the regular course of the proceeding once he initiated the suit). "There is no abuse of process where [the process] is confined to its regular and legitimate function in relation to the cause of action stated in the complaint." Mfrs. & Jobbers Fin. Corp. v. Lane, 19 S.E.2d 849, 853 (N.C. 1942).

This court finds that Defendant has not plead an abuse of process claim that can survive Plaintiff's motion to dismiss. Defendant asserts that the present action was filed with an ulterior motive (Answer and Countercl. (Doc. 6) at 9), but does not plead any act by Plaintiff that could be categorized as an abuse of process. The present action was filed pursuant to an alleged default on a promissory note executed by Defendant in favor of Plaintiff. There is nothing in the record to suggest that any of the procedure in this action was not part of the regular process of filing and litigating a lawsuit. Therefore, this court will grant Plaintiff's Motion in part in that Defendant's counterclaim of abuse of process will be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss and Motion to Stay Defendant's Counterclaims (Doc. 8) is **GRANTED IN PART** in that this court

will dismiss Defendant's abuse of process counterclaim, and **DENIED IN PART WITHOUT PREJUDICE** in that this court will allow Defendant to pursue his remaining counterclaims.

This the 20th day of August, 2015.

_____
United States District Judge